liGAUDIN, Judge.
This is an appeal by the Lafourche Basin Levee District from a February 22, 1994 mandamus judgment of the 23rd Judicial District Court ordering it to pay $200,000.00 to the North Lafourche Conservation, Levee and Drainage District. We affirm.
At issue in this appeal is the constitutionality of the state law creating the North Lafourche District. That statute, LSA-R.S. 38:333, sets up a fund-sharing relationship between the Lafourche District and the North Lafourche District, the parties to this litigation. Also statutorily involved in fund-sharing are the South Lafourche Levee District and the Atchafalaya Basin Levee District. The statute, in pertinent part, states:
“It is recognized that there are two other levee districts which are located in part within the same territory as that comprising the South Lafourche Levee District and the North Lafourche Conservation, Levee and Drainage District, namely the Lafourche Basin Levee District and the Atchafalaya Basin Levee District. It is further recognized that the four said levee districts have overlapping jurisdiction, functions, and powers. To partially relieve the Lafourche Basin Levee District and the Atchafalaya Basin Levee District of the responsibility for providing protection of the lands in the portions of their respective districts contained within Lafourche Parish tidal |2overflow and from unusual weather conditions such as hurricanes, the board of commissioners of each of said districts shall transfer annually to the board of commissioners of the South La-fourche Levee District and board of commissioners of the North Lafourche Conservation, Levee and Drainage District the hereinafter specified sums of money from the funds of their respective districts on or before the first day of May. The amount to be transferred annually by the board of commissioners of the Atchafalaya within its district in the amount of one-half mill on the dollar of assessed valuation, after deduction of the costs of collection of such a tax; however, the amount so transferred annually shall not exceed in any one year the sum of one hundred thousand dollars to the South Lafourche Levee District and the sum of one hundred thousand dollars to the North Lafourche Conservation, Levee and Drainage District. The amount to be transferred annually by the board of commissioners of the Lafourche Basin Levee District shall be the sum of two hundred thousand dollars to the South La-fourche District and the sum of two hundred thousand dollars to the North La-fourche Conservation, Levee and Drainage District payable out of any revenues which the board may have or has authority to obtain.”
The Lafourche District, while admitting that it regularly transfers the statutorily designated amount to the South Lafourche District, refused to pay the specified $200,000.00 to the North Lafourche District allegedly because the statute arbitrarily subjects persons within the Lafourche District — North Lafourche District overlap to oppressive double taxation, because of the contractual obligations of the Lafourche District could be impaired and because of other less significant *21 reasons. The same supposedly unconstitutional possibilities would apply to the La-fourche District — South Lafourche District overlap.
Although the legislature has the express authority to consolidate, divide, reorganize or create new levee districts (Louisiana Constitution, Article III, Section 13), appellant argues that there is no precise authority to overlap levee districts, i.e., place an area within two (or more) districts.
No doubt, however, the legislature was aware of the overlapping when it enacted R.S. 38:333. The language is quite clear. The express public ^purpose was to partially relieve the Lafourche District of the responsibility for providing protection within the overlapped zones.
The record before us does not contain any proof whatsoever that any citizen or corporation has been taxed unfairly or that any contract has or will be disturbed or threatened by R.S. 38:333. No bonded indebtedness is being endangered and there was no showing that the Lafourche District could not now function, as before, freely and effectively.
Unless a fundamental right, privilege or immunity is involved, there is a strong presumption that the legislature acted within its constitutional restraints. In Dir. of La. Recovery Dist. v. Taxpayers, 529 So.2d 384 (La.1988), the Louisiana Supreme Court said at page 387 that this presumption “... is especially forceful in the cases of statutes enacted to promote a public purpose, such as statutes relating to taxation and public finance.”
Any attack on the constitutionality of a statute must demonstrate clearly that there is an expressed provision limiting the power of the legislature. Here, there was no such showing.
Finally, we note this. Appellant did not file any dilatory exceptions. In the mandamus hearing the only meaningful issue was whether R.S. 38:333, on its face, was unconstitutional as contended by the Lafourche District. On the showing made in district court, we cannot say the trial judge erred.
The Lafourche District is to bear costs of this appeal.
AFFIRMED.